UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| AUTO-OWNERS INSURANCE CO., | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs*. | ) | 1:13-cv-540-JMS-DML |
| | ) | |
| B&B VENTURES, INC., *d/b/a Miller Tavern*, | ) | |
| *et al.*, | ) | |
|     *Defendants.* | ) | |

## ORDER

On April 1, 2013, Plaintiff Auto-Owners Insurance Company ("Auto-Owners") filed a Complaint against Defendants B&B Ventures, Inc., d/b/a Miller Tavern ("B&B"), and Brian Burnette, alleging that this Court could exercise diversity jurisdiction over the action. [Dkt. 1.]

Auto-Owners phrases its allegation of its own citizenship in a curious fashion, alleging that it is "a corporation and a citizen of Michigan with a principal place of business in Lansing, Michigan . . . ." [*Id.* at 1 ¶ 1.] In contrast, it asserts B&B's citizenship in more straightforward language: "B&B is an Indiana corporation, a citizen of Indiana, with a principal place of business in Howard County, Indiana." [*Id.* at 1 ¶ 2.]

As Auto-Owners appears to recognize, a corporation is deemed a citizen of any state where it is incorporated and a citizen of the state where it has its principal place of business. 28 USC § 1332(c)(1); *see also Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006) (a corporation has two places of citizenship: where it is incorporated and where it has its principal place of business). While Auto-Owners' allegation comes close to alleging its dual corporate citizenship, close only counts in horseshoes.

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012),

and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). And it is best to clear up any jurisdictional issues sooner than later. *See Ind. Gas Co. v. Home Ins. Co*., 141 F.3d 314, 319 (7th Cir. 1998) (dismissing case for lack of subject matter jurisdiction after three years of litigation, despite the parties not raising the issue to the district court or on appeal); *see also Hart v. Terminex Int'l*, 336 F.3d 541, 544 (7th Cir. 2003) (dismissing case after eight years of litigation for lack of subject matter jurisdiction).

For these reasons, the Court **ORDERS** Auto-Owners to file an Amended Complaint by **April 8, 2012** that properly pleads a basis for this Court's jurisdiction. Defendants need not answer or otherwise respond to Auto-Owners' Complaint, [dkt. 1], but, instead, should answer or otherwise respond to the Amended Complaint as set forth in the Federal Rules of Civil Procedure after they are either served or waive service.

04/02/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Christopher D. Simpkins
 BLEEKE DILLON CRANDALL PC
chris@bleekedilloncrandall.com

David L. Taylor
TAYLOR LAW FIRM, PC
dtaylor@taylorlitigation.com