UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, <br>     *Plaintiff*, <br> <br>     vs. <br> <br> B&B VENTURES, INC. d/b/a MILLER TAVERN <br> and BRIAN BURNETTE, <br>     *Defendants*. | ) <br> ) <br> ) <br> )   1:13-cv-00540-JMS-DML <br> ) <br> ) <br> ) <br> ) |

## ORDER TO FILE JOINT JURISDICTIONAL STATEMENT

Plaintiff Auto-Owners Insurance Company ("Auto-Owners") filed an Amended Complaint for Declaratory Judgment against Defendants B&B Ventures, Inc. d/b/a Miller Tavern ("B&B") and Brian Burnette alleging that diversity jurisdiction exists over this matter. [Dkt. 9 at 2, ¶ 5.] Auto-Owners alleges that: (1) it is a Michigan corporation with its principal place of business in Michigan, [*id.* at 1, ¶ 1]; (2) B&B is an Indiana corporation with its principal place of business in Indiana, [*id.* at 1, ¶ 2]; (3) Mr. Burnette is a citizen of Indiana, [*id.* at 1, ¶ 3]; and (4) the amount in controversy "exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interests and costs," [*id.* at 2, ¶ 6].

B&B has answered Auto-Owners' Amended Complaint. [Dkt. 15.] In its Answer, B&B admits that it is an Indiana corporation with its principal place of business in Indiana, [*id.* at 1-2, ¶ 2], but states that it is "without information sufficient to form a belief as to the truth of the material allegations" regarding Auto-Owners' citizenship, Mr. Burnette's citizenship, whether this Court has diversity jurisdiction, and whether the amount in controversy exceeds $75,000 exclusive of interest and costs. [*Id.* at 1-3, ¶¶ 1, 3, 5-6.] Mr. Burnette has not yet answered the Amended Complaint.

The Court must independently determine whether proper diversity among the parties exists. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). Based on B&B's Answer to the Amended Complaint, the Court cannot determine whether it can exercise diversity jurisdiction over this matter.

The Court **ORDERS** the parties to meet and confer, and conduct whatever investigation necessary, to determine whether this Court has diversity jurisdiction. If the parties agree that diversity jurisdiction is proper, they shall file a joint jurisdictional statement by **June 19, 2013** setting forth the basis for each of their citizenships and whether they agree that the amount in controversy exceeds $75,000, exclusive of interest and costs. Because Mr. Burnette has not appeared or answered the Amended Complaint, the joint jurisdictional statement shall also include a statement by Auto-Owners setting forth Auto-Owners' factual basis for the allegation that Mr. Burnette is a citizen of Indiana, and a statement by B&B regarding whether it has any information to dispute Auto-Owners' allegation regarding Mr. Burnette's citizenship. If the parties cannot agree on their respective citizenships or the amount in controversy, they shall file separate jurisdictional statements by **June 19, 2013** setting forth their views regarding the citizenship of each of the parties and the amount in controversy.

06/07/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Christopher D. Simpkins
TAYLOR LAW FIRM
csimpkins@taylorlitigation.com

David L. Taylor
TAYLOR LAW FIRM, PC
dtaylor@taylorlitigation.com

Alan D. Wilson
alandwilsonlaw@gmail.com